## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MARCUS FORTHUBER AND**<br>**LISA COFOID** | §<br>§<br>§ | B̃ - ̃2̃ - ■081 |
| | | C.A. No. ~~H-01-1109~~ |
| **v.** | § | |
| | § | United States District Court<br>Southern District of Texas<br>FILED , 8 ℓ̃ℓ̃ |
| **ACE AMERICAN INSURANCE** | § | |
| **COMPANY AND KENT COMMONS** | § | **JURY DEMANDED**   APR ~~24~~ 2002 |

Michael N. Milby
Clerk of Court

### JOINT PETITION FOR REMOVAL

Defendants ACE American Insurance Company and Kent Commons file this Joint Petition

for Removal to remove from the 357th Judicial District Court of Cameron County, Texas to this

Court that suit styled *Marcus Forthuber and Lisa Cofoid v. Ace American Insurance Company And*

*Kent Commons*, In the District Court of Cameron County Texas, 357th Judicial District.

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1.      This Court has original diversity jurisdiction under 28 U.S.C.A. Section 1331(a)(1).

Thus, this Court has removal jurisdiction.  28 U.S.C.A. Section 1441(a).

### TIMELINESS OF PETITION FOR REMOVAL

2.      This Petition for Removal is being filed within thirty (30) days after the earliest date

of service of the original state court petition.  28 U.S.C.A. 1446(b).  Plaintiffs' original state court

petition was filed on March 5, 2002.   Defendants ACE and Commons were both served on March

18, 2002.  This petition is filed less than thirty (30) days after first notice of the suit, and is therefore

timely.

## NATURE OF PLAINTIFFS' CASE AGAINST PETITIONERS

3.      This is a dispute regarding a water damage claim submitted by Plaintiffs under an insurance policy administered by ACE. Water allegedly escaped from plumbing fixtures located in a unit owned by Defendant Commons, causing damage to the units owned by Plaintiffs. The dispute arose because the water damage was not covered by the policy administered by ACE. Plaintiffs have sued ACE and Commons for actual, punitive, and statutory damages based on their allegations of Commons' negligence and ACE's breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Act. *See generally*, Plaintiffs' Original Petition (Attachment A). Plaintiffs' claims all arise out of Commons' alleged negligence and/or ACE's denial of their claim.

## DIVERSITY JURISDICTION PERMITS REMOVAL

4.      This court has diversity jurisdiction under 28 U.S.C.A. Section 1331(a)(1). Plaintiffs' Original Petition (Attachment A) states a claim for negligence against Defendant Commons, and states claims for contract benefits, tort damages, and statutory damages against Defendant ACE, including treble damages, and expressly states that the relief sought exceeds $50,000. The petition also makes a general claim for punitive damages the total of which Defendants reasonably believe to exceed $75,000.00. Thus, the total amount in controversy exceeds the jurisdictional minimum.

5.      The suit is between citizens of different states. Plaintiffs are citizens of Texas. See Plaintiffs' Original Petition. Defendant Commons is a citizen of Ohio. See Plaintiffs' Original Petition. Defendant ACE is a Pennsylvania corporation which has its principal place of business in

2

Philadelphia, Pennsylvania. Therefore, ACE is not a citizen of Texas for purposes of federal diversity jurisdiction. Thus, there is complete diversity of citizenship in this suit.

6.    Removal is therefore proper under 28 U.S.C.A. Section 1441(a) and (b).

## STATE COURT PLEADINGS FILED WITH PETITION

7.    Pursuant to 28 U.S.C.A. Section 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, filed with this Petition for Removal are an Index of Attachments, a List of Parties and Counsel, and copies of all of the instruments filed in the state court suit at the time of the filing of this petition for removal, as follows:

8.    (1) Plaintiffs' Original Petition; (2) Citation issued to Defendant ACE American Insurance Company for service by certified mail; (3) Citation issued to Defendant Kent Commons for service by certified mail; (4) Defendant ACE American Insurance Company's Original Answer; (5) Defendant Kent Commons' Original Answer; (6) State Court's docket sheet; (7) Notice of Removal filed with Cameron County District Clerk, and (8) List of all Counsel.

WHEREFORE, PREMISES CONSIDERED, Defendants ACE American Insurance Company and Kent Commons jointly pray this Petition for Removal be granted, that Plaintiffs' suit against Defendants proceed before this Court pursuant to this Court's diversity jurisdiction, that upon final trial, the judgment be rendered that Plaintiffs take nothing by their suit against Defendants, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

By: _Beth M. Taylor_

OF COUNSEL:

TAYLOR & TAYLOR

Beth M. Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Amber Dunten
State Bar No. 24010004
815 Walker Street, Suite 250
Houston, Texas 77002-6707
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

By: _Dan V. L___

OF COUNSEL:

HAYS, McCONN, RICE
& PICKERING, P.C.

David Wilson
State Bar No. 00766402
1200 Smith Street, Suite 400
Houston, Texas 77002
(713) 752-8360 Telephone
(713) 655-9212 Facsimile
Federal ID No. 24174

ATTORNEYS FOR DEFENDANT
KENT COMMONS

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Petition for Removal has been forwarded to all counsel of record by certified mail, return receipt requested on this 16th day of April, 2002.

Beth M. Taylor

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
~~HOUSTON~~ DIVISION
*Brownsville*

| | | |
|---|---|---|
| MARCUS FORTHUBER AND | § | |
| LISA COFOID | § | |
| | § | C.A. NO. **B-02-░081** _____ |
| v. | § | |
| | § | |
| | § | |
| ACE AMERICAN INSURANCE | § | **JURY DEMANDED** |
| COMPANY AND KENT COMMONS | § | |

**LIST OF PARTIES AND COUNSEL**

Plaintiffs:            MARCUS FORTHUBER
                       AND LISA COFOID

Attorney:              Reynaldo Ortiz
                       State Bar No. 15324275
                       Federal ID. No. 3767
                       Gina Karam Millin
                       State Bar No. 15324275
                       Law Office of Reynaldo Ortiz, P.C.
                       1109 W. Nolana, Suite 204
                       McAllen, Texas 78504


Defendant:             ACE AMERICAN INSURANCE COMPANY

Attorney:              Ms. Beth McCahill Taylor
                       State Bar No. 13336787
                       Federal ID. No. 14601
                       Amber Dunten
                       State Bar No. 24010004
                       Taylor & Taylor
                       815 Walker, Suite 250
                       Houston, Texas 77002
                       (713) 615-6060 Telephone
                       (713) 615-6070 Facsimile

Defendant:           KENT COMMONS

Attorney:            David Wilson
                        State Bar No. 00786402
                        Hays, McConn, Rice & Pickering, P.C.
                        1200 Smith Street, Suite 400
                        Houston, Texas 77002
                        (713) 752-8360 Telephone
                        (713) 655-9212 Facsimile

Respectfully submitted,

By: _Warren Taylor for_

Beth McCahill Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas  77002
(713) 615-6060  Telephone
(713) 615-6070  Facsimile

OF COUNSEL:

TAYLOR & TAYLOR

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing List of Parties has been forwarded to

Reynaldo Ortiz
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

by certified mail, return receipt requested on this 16th day of April, 2002.

Beth McCahill Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
~~HOUSTON~~ DIVISION
Brownsville

| | | |
|---|---|---|
| MARCUS FORTHUBER AND | § | |
| LISA COFOID | § | |
| | § | C.A. NO. B-02-■081 |
| v. | § | |
| | § | |
| | § | |
| ACE AMERICAN INSURANCE | § | JURY DEMANDED |
| COMPANY AND KENT COMMONS | § | |

## INDEX OF ATTACHMENTS

Attached to the Joint Petition for Removal are the following:

1.      Copy of Plaintiffs' Original Petition;

2.      Citation issued to Defendant ACE American Insurance Company with Officer's Return thereon;

3.      Citation issued to Defendant Kent Commons with Officers Return;

4.      Defendant ACE American Insurance Company's Original Answer;

5.      Defendant Kent Commons Original Answer;

6.      State Court's Docket Sheet ██████████████;

7.      Notice of Removal filed with Cameron County District Clerk;

Respectfully submitted,

By: _Beth M. Taylor_

OF COUNSEL:                      Beth McCahill Taylor
                                 State Bar No. 13336787
TAYLOR & TAYLOR                  Federal I.D. No. 14601
                                 815 Walker, Suite 250
                                 Houston, Texas  77002
                                 (713) 615-6060  Telephone
                                 (713) 615-6070  Facsimile

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Index of Attachments has been forwarded to

Reynaldo Ortiz
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

by certified mail, return receipt requested on this ___16th___ day of April, 2002.

Beth McCahill Taylor

# PLAINTIFF'S ORIGINAL PETITION

CAUSE NO. 2002-03-000938-E

| | | |
|---|---|---|
| MARCUS FORTHUBER AND | § | IN THE JUDICIAL COURT |
| LISA COFOID | § | |
| | § | |
| VS. | § | 357th DISTRICT COURT |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY AND KENT COMMONS | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW, MARCUS FORTHUBER and LISA COFOID, Plaintiffs, complaining of

ACE AMERICAN INSURANCE COMPANY ("ACE") and KENT COMMONS

("Commons"), Defendants, and for cause show as follows:

### I. Preliminary Statement

Plaintiffs bring this action against Defendant ACE for breach of contract, breach of the

duty of good faith and fair dealing, breach of Articles 21.21 and 21.55 of the Texas Insurance

Code and breach of the Texas Deceptive Trade Practices-Consumer Protection Act in connection

with an insurance policy sold by Defendant ACE and Defendant ACE's refusal to adhere to the

terms of the policy.

Plaintiffs bring this action against Defendant Commons for negligence and for private

nuisance.

### II. Parties

Plaintiffs are individuals residing in Hidalgo County, Texas.

Defendant ACE is a property casualty company, organized under the laws of the State of

Texas, authorized to engage in the insurance business in Texas, and having its principal place of



business in Philadelphia, Pennsylvania. Defendant ACE may be served via certified mail, return receipt requested through their registered agent for service: Robin M. Mountain, 6600 Campus Circle Drive East, Suite 300, Irving, Texas 75063.

Defendant Commons is an individual residing at 1246 Worthington Heights Blvd., Columbus, Ohio 43235. Defendant Commons may be served via certified mail, return receipt requested.

### III. Discovery Plan

Plaintiffs affirmatively plead that they seek monetary and other relief in excess of $50,000.00 and discovery is intended to be conducted under Level 2 under Rule 190.3.

### IV. Jurisdiction and Venue

A substantial part of the cause of action accrued in Cameron County, Texas. The contract for insurance was executed and performed in Cameron County, Texas. Venue is proper in this county as the subject matter of this lawsuit is in Cameron County, Texas. Jurisdiction is properly before this Court.

### V. Facts

Defendant ACE, through its local recording agent's office in Harlingen, Texas, issued an insurance policy naming Bahia-Mar Co-Owners Association as the insureds and insuring the premises located at 6300 N. Padre Boulevard, South Padre Island, Cameron County, Texas against all risks of physical loss to the property, among other things, for a continuous period beginning on June 1, 2000 and ending November 1, 2000. Plaintiffs are members of the co-owners association as the owners of Bahia-Mar condominium units 111-113. Pursuant to the

2

terms of the policy, numbered MAUD3407197-4, Bahia-Mar Co-Owners Association had insurance protection up to $3,898,056.00 for any covered loss. The policy purchased by Bahia-Mar Co-Owners Association also includes coverage for loss of rental value in the event a covered loss makes an insured condominium wholly or partially untenantable. A true and correct copy is attached as **"Exhibit A"** and incorporated by reference as if fully set forth at length.

Condominiums #111-113, owned by Plaintiffs and insured by Defendant ACE, sustained damage as the result of a commode leak and an overflow of the air-conditioning system in the condominium unit situated directly above. The leak was discovered on or about July 21, 2000. The condominium with the commode leak is owned by Defendant Kent Commons. The leaks caused severe water damage to the building structure of Plaintiffs' condominium, and mold and fungi ensued. The damage rendered Plaintiffs' condominium irreparable and untenantable.

Plaintiffs timely made claims for the damages to their condominium beginning on July 21, 2000. Plaintiffs subsequently sought compensation from Kent Commons for his failure to maintain his air-conditioner and commode.

The claims on the ACE policy were justified by the following facts:

1.) The claims made by Plaintiffs for water damage are covered perils under the policy of insurance; and

2.) The policy was at all times material to this action in full force and effect.

Despite the fact that all conditions precedent to Plaintiffs' recovery from Defendant ACE have been performed or have occurred, Defendant ACE has wholly failed and refused to pay Plaintiffs in accordance with its contract obligation. Defendant ACE has failed and refused to

3

complete a full scale investigation of the claims and to determine the scope of the mold and fungi damage on the insured premises.

Defendant Commons has also wholly failed and refused to address the damages to Plaintiffs' condominiums caused by the air-conditioning and commode leaks.

## VI.  Causes of Action Against Defendant ACE

The Plaintiffs, beginning on July 21, 2000, notified Defendant ACE of the damages sustained in their condominium.   Although all conditions precedent to Defendant ACE's obligation to pay the Plaintiffs' losses under the policy of insurance were performed or did occur, Defendant ACE has failed and refused to pay Plaintiffs' claims.  Defendant ACE's delay in paying the claim was unreasonable, unlawful, and actionable, and the producing and proximate cause of the harm suffered by the Plaintiffs, as more fully set out below.

A.     Unfair Claim Settlement Practice:  Article 21.21

Plaintiffs have a direct cause of action against Defendant ACE under Article 21.21 of the Texas Insurance Code.  At the time of the events leading up to the instant lawsuit, Defendant was and is still engaged in the business of insurance, as that term is defined by law and as it is contemplated by Article 21.21.

After having received notice of the Plaintiffs' losses, losses clearly covered by the contract of insurance, Defendant ACE engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Article 21.21 of the Texas Insurance Code, including but not limited to:

4

1.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claims once the Defendant ACE's liability became reasonably clear;

2.    Refusing to pay the claim without first conducting a reasonable investigation of the matter, and;

3.    Failing to affirm or deny coverage within a reasonable time.

Additionally, Defendant ACE violated section 16(a) of Article 21.21 of the Insurance Code by engaging in deceptive conduct as set out in the Texas Deceptive Trade Practices-Consumer Protection Act ("D.T.P.A."). Specifically, Defendant ACE violated the following sections: 17.46(b)(5) of the D.T.P.A. by representing that the insurance policy had benefits that it did not have; 17.46(b)(7) by representing that the insurance policy was of a particular standard or grade when it actually was of another; 17.46(b)(12) by representing that the policy of insurance conferred rights and remedies which it did not involve; and 17.46(b)(23) by failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was intended to induce the Plaintiffs as members of the Bahia-Mar Co-Owners Association into a transaction that they would not have entered had the information been disclosed.

As a proximate result of Defendant ACE's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court. Plaintiffs have further incurred costs in having to employ the undersigned attorneys to prosecute this action, for which they should also be compensated.

Finally, the above-described acts and conduct were knowingly committed by Defendant ACE, triggering the mandatory trebling provisions of Article 21.21.

B.    **Breach of Duty of Good Faith and Fair Dealing**

By virtue of the insurer/insured relationship that was created by the contract of insurance into which Bahia-Mar Co-Owners Association and Defendant ACE entered, Plaintiffs are entitled to make a direct claim against Defendant as co-owners of the insured property. The special relationship between the parties to the contract imposed duties upon Defendant ACE to act in good faith and to deal fairly with Plaintiffs. These duties were prescribed in the contract when it was consummated. However, from and after the time Plaintiffs' claims were presented to Defendant ACE, Defendant ACE failed and refused, without good cause, to properly investigate Plaintiffs' claims and pay the damages as the policy required.

Defendant ACE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiffs will show that the Defendant ACE failed to conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased estimates as subterfuges to avoid paying a valid claim.

Consequently, Defendant ACE breached its duty to deal fairly and in good faith with the Plaintiffs. As a proximate result of Defendant ACE's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court.

The breach of duty by Defendant ACE was aggravated by the kind of malice and/or fraud for which the imposition of exemplary damages is justified. Defendant ACE's conduct

6

comprising the breach involved an extreme degree of risk of potential harm to the Plaintiffs and other members of the Bahia-Mar Co-Owners Association and, despite Defendant ACE being actually and subjectively aware of the risk involved, it proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs and others. Defendant ACE's conduct comprising the breach of duty also included the making of a material misrepresentation that was false and either known by Defendant ACE to be false or made as a positive assertion with reckless disregard for truth. Defendant ACE intended that the representation would be relied upon by the Bahia-Mar Co-Owners Association, including the Plaintiffs and, in fact, they did rely on the representation and suffered harm as a result. Plaintiffs, therefore, seek exemplary damages in an amount to be asserted by the trier of fact.

C.    Failure to Comply With Prompt Payment Statute:  Article 21.55

On or about July 21, 2000, Plaintiffs, through the Bahia-Mar Co-Owners Association, gave notice to Defendant ACE of the claims involving water damage in their condominium. Defendant failed to timely investigate and pay the claims made by Plaintiffs within the time periods prescribed by Article 21.55 of the Texas Insurance Code. Furthermore, Defendant ACE has failed to timely notify Plaintiffs whether they would accept or reject the claims. Defendant ACE also failed to notify Plaintiffs that they needed more time to decide whether to accept or reject the claims.

As a proximate result of Defendant ACE's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court. Plaintiffs are entitled to

recover the amount of the claims and the additional sum of 18 percent per annum of the amount of the claims until the day before the judgment for the Plaintiffs is signed.

### D.    Breach of Contract

The insurance policy issued by Defendant ACE to Bahia-Mar Co-Owners Association constitutes a written contract, the terms of which were to be complied with by the parties. Under the terms of this agreement, Defendant ACE agreed to provide Plaintiffs, as co-owners of the Bahia-Mar Co-Owners Association with benefits for any claim covered by the policy. The contract of insurance was in full force and effect from June 1, 2000 and ending November 1, 2000. During the policy period, Plaintiffs' condominium sustained water damage upon which Plaintiffs' claims are based, and Defendant ACE received notice of their claims.

In return for Defendant ACE's agreement to provide coverage, Plaintiffs agreed to timely pay their insurance premiums and to notify Defendant ACE of any claim being asserted against it. Plaintiffs fully performed the duties imposed by the contract. Additionally, the circumstances surrounding the water damage of the insured condominium conform to the requirements of a compensable claim, as contemplated by the insurance contract. Defendant ACE, in violation of its obligations and promises under the insurance policy, wrongfully refused to provide Plaintiffs with coverage of their claims. As a proximate result of Defendant ACE's breach of its obligations under the policy, Plaintiffs have suffered actual damages in an amount that exceeds the minimum jurisdictional limits of this court.

Additionally, Plaintiffs have had to secure the services of the undersigned attorneys to prosecute this action, for which they also seek compensation.

8

E.      Violations of the Texas Deceptive Trade Practices Act

Plaintiffs, through the Bahia-Mar Co-Owners Association, purchased insurance from Defendant ACE and qualified as "consumers" as that term is defined by the D.T.P.A. Defendant ACE violated various provisions of section 17.46(b) of the D.T.P.A. by:

1.      Representing that the insurance policy had benefits that it did not have, in violation of section 17.46(b)(5);

2.      Representing that the insurance policy was of a particular standard or grade when it was of another, in violation of section 17.46(b)(7);

3.      Representing that the policy of insurance conferred rights and remedies that it did not have or involve, in violation of section 17.46(b)(12); and

4.      Failing to disclose information concerning the insurance policy and the services that would be provided under the policy, when such information was known at the time of the transaction and failure to disclose such information was intended to induce the Plaintiffs as co-owners of the Bahia-Mar Condominiums into a transaction which they would not have entered had the information been disclosed, in violation of section 17.46 (b)(23).

Defendant ACE is also liable to Plaintiffs under section 17.50 of the D.T.P.A. in that they:

1.      Employed acts or practices in violation of Article 21.21 of the Texas Insurance Code, as amended, and violated the rules or regulations issued by the State Board of Insurance under Article 21.21 as more fully described above; and

9

2.    Engaged in unconscionable action by taking advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree and by providing services that were grossly less than the consideration paid by Plaintiffs.

The conduct of Defendant ACE, as described herein, was a producing cause of damages to Plaintiffs.  In addition, because such conduct involved knowing violations of the D.T.P.A., Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs are also entitled to the recovery of the attorney's fees they have incurred by having to employ the undersigned attorneys to prosecute this action.

**VII.  Causes of Action Against Defendant Commons**

On or about July 21, 2000, the Plaintiffs notified Defendant Commons of the damages sustained in the Plaintiffs' condominium as a result of the commode and air-conditioner leaks. Defendant Commons has failed and refused to compensate Plaintiffs for the damages.

**A.    Negligence**

Defendant Commons owed a duty to Plaintiffs to exercise reasonable care in maintaining and servicing the appliances and fixtures in his condominium, including the commode and air-conditioning system.  Defendant Commons breached the duty owed to Plaintiffs by failing to maintain his property.  As a direct and proximate result of Defendant Commons' conduct, Plaintiffs suffered extreme water damage to their condominium.  As a result of the water damage, mold and fungi ensued in the building materials making the premises uninhabitable.

The Plaintiffs have sustained the following damages in the past:

10

a. The cost of cleaning the damaged property;

b. The cost of repairing the condominium and its contents;

c. The cost of replacing building materials and contents that were destroyed by the leak in Defendant Commons' commode and air-conditioner;

d. The cost of rebuilding the areas that required demolition;

e. The cost incurred as a direct result of traveling to and from the property while repairs were being made; and

f. The rental amounts lost from July 21, 2000 until repairs were substantially complete.

Plaintiffs will, in all probability, sustain the following damages in the future;

a.       The cost involved in testing the condominium unit for contamination;

b.       The costs associated with clearance testing;

c.       The decrease in fair market value of Plaintiffs' property; and

d.       The potential exposure to mold related illnesses.

These elements of damages are in excess of the minimal jurisdictional amounts of the court.

B.    Nuisance

Plaintiffs, at all times mentioned and material to this action, were and still are the owners of the Bahia-Mar Condominium #111-113, 6300 Padre Boulevard, South Padre Island, Cameron County, Texas.   Defendant Commons owns the condominium unit located directly above Plaintiffs'.  On July 21, 2001, Plaintiffs found standing water in their condominium along with extensive water damage.  Maintenance personnel discovered the source of water to be a leaking

11

commode and air-conditioner in Defendant Commons' condominium. Commencing on the date of discovery of the water damage, noxious, foul and musty smelling odors were emitting from the premises. The odors were accompanied by visible black mold growing on the sheetrock throughout the Plaintiffs' condominium. The odors and the presence of black mold rendered Plaintiffs' condominium unhealthy, dangerous, and unfit for occupancy.

Defendants' condominium is located directly above the Plaintiffs' condominium; therefore, the units have some common building components. Further, the walls of the condominiums are contiguous. A leak in Defendant Commons' condominium will undoubtedly effect all other condominiums in its vicinity. Plaintiff alleges that it is unreasonable for Defendant Commons to neglect to properly maintain the plumbing and air-conditioning system in his condominium knowing that his actions will effect co-owners of the Bahia-Mar Condominiums. Defendant Commons' failure to properly maintain his condominium constitutes a substantial interference with the Plaintiffs' use and enjoyment of their property. Furthermore, Defendant Commons' behavior has caused a depreciation in market value of Plaintiffs' property . Therefore, Defendant's conduct is unreasonable and actionable. Each of the foregoing acts or omissions constituted a proximate cause of the interference with the use and enjoyment of Plaintiffs' premises and the damages made the basis of this action.

Plaintiffs further allege that Defendant knew to a reasonable certainty (or in the exercise of ordinary care should have known) that his failure to maintain his plumbing and air-conditioning systems would cause personal discomfort and annoyance to persons of ordinary sensibilities residing in condominiums that share common building components. Further, Defendant

12

Commons should have known that neglecting his property would cause a depreciation in the market value of Plaintiffs' property.  Plaintiffs therefore allege that Defendant Commons has voluntarily and intentionally (or negligently) interfered with the use and enjoyment and the fair market value of Plaintiffs' condominium.

As a proximate result of Plaintiffs' failure to maintain his plumbing and air-conditioning systems, and the leaks that ensued, Plaintiffs have been substantially annoyed and inconvenienced.  In this connection, Plaintiffs have been forced to pay thousands of dollars to repair and replace damaged building contents.  Plaintiffs allege that they will, in all reasonable probability continue to incur expenses associated with their losses due to the extent of the mold contamination.

As a direct and proximate result of Defendant Commons' conduct, the fair market value of Plaintiffs' property has been diminished.  Further, Plaintiffs allege that the value will be impaired until the property has been cleared of mold contamination.  Even then, Plaintiffs will be forced to disclose the water and mold damage to any potential buyers in the future.

As a direct and proximate result of Defendant Commons' course of conduct, Plaintiffs have incurred the following expenses and other losses:

a.  The cost of cleaning the damaged property;

b.  The cost of repairing the condominium and its contents;

c.  The cost of replacing building materials and contents that were destroyed by the leak in Defendant Commons' commode and air-conditioner;

d.  The cost of rebuilding the areas that required demolition;

13

e.  The cost incurred as a direct result of traveling to and from the property while repairs were being made; and

f.  The rental amounts lost from July 21, 2000 until repairs were substantially complete.

Plaintiffs will, in all probability, sustain the following damages in the future;

a.  The cost involved in testing the condominium unit for contamination;

b.  The costs associated with clearance testing.

c.  The decrease in fair market value of Plaintiffs' property; and

d.  The potential exposure to mold related illnesses.

These elements of damages are in excess of the minimal jurisdictional amounts of the court.

## VIII.  Jury Demand

Plaintiffs have heretofore made application and demand for trial by jury, and have tendered the fee in compliance with the provisions of Rule 216 of Tex.R.Civ.P.

## IX.  Prayer

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial of this case, Plaintiffs recover from Defendants the following:

1.  The benefits payable under the ACE insurance policy for each claim made the basis of this suit, together with all allowable interest under the law and/or the full amount of damages from Defendant Commons;

2.  Statutory penalty for Defendant ACE having utilized unfair settlement practices, in violation of Article 21.21 of the Texas Insurance Code;

3.   Statutory penalty for Defendant ACE's failure to comply with the prompt
     payment provisions of Article 21.55 of the Insurance Code;

4.   A reasonable sum for attorney's fees, as found by the trier of fact, with
     conditional sums for the services of Plaintiffs' attorney in the event of subsequent
     appeals;

5.   Interest on the judgment at the highest rate provided by law from the date of
     judgment until paid;

6.   Costs of suit; and

7.   Such other and further relief to which Plaintiffs may be justly entitled.

                              Respectfully submitted,

                              LAW OFFICE OF REYNALDO ORTIZ, P.C.
                              1109 W. Nolana, Suite 204
                              McAllen, Texas 78504
                              Tel: (956) 687-4567
                              Fax: (956) 631-1384

                              REYNALDO ORTIZ
                              State Bar No. 15324275
                              Federal ID. No. 3767
                              GINA KARAM MILLIN
                              State Bar No. 24011072

15

# STATE COURT
# DOCKET SHEET

RUN DATE 04/16/02
RUN TIME 2:09 PM

* * * * C L E R K ' S   E N T R I E S * * * * *

PAGE: 01

2002-03-000938-E

MARCUS FORTHUBER AND LISA COFOID

VS

AMERICAN INSURANCE COMPANY AND KENT COMMONS

00316902
GINA KARAM MILLIN
1109 W. NOLANA, SUITE 204
MCALLEN, TEXAS 78504 0000

(06)

03    05    02

60502501
KENT COMMONS
1248 WORTHINGTON HEIGHTS BLVD
COLUMBUS, OHIO 43235 2135

BREACH OF CONTRACT

LAW OFFICE OF
REYNALDO ORTIZ, P.C

30.00

03/05/02    ORIGINAL PETITION FILED
03/05/02    JURY FEE: Pd. by GINA KARAM MILLIN
03/07/02    CITATION (CM): ACE AMERICAN INSURANCE
            COMPANY                        FILED: 03/14/02
03/07/02    SERVED: 03/14/02
03/07/02    CITATION (CM): KENT COMMONS    FILED: 03/14/02
03/07/02    SERVED: 03/18/02
04/03/02    ORIGINAL ANSWER: KENT COMMONS  FILED: 03/25/02
04/09/02    ORIGINAL ANSWER: ACE AMERICAN
            INSURANCE COMPANY

# NOTICE OF REMOVAL

CAUSE NO. 2002-03-000938-E

| | | |
|---|---|---|
| MARCUS FORTHUBER AND | § | IN THE JUDICIAL COURT |
| LISA COFOID | § | |
| | § | |
| VS. | § | 357TH DISTRICT COURT |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY AND KENT COMMONS | § | CAMERON COUNTY, TEXAS |

## NOTICE OF REMOVAL

TO:    Plaintiffs Marcus Forthuber and Lisa Cofoid, by and through their attorney, Reynaldo
       Ortiz, Law Office of Reynaldo Ortiz, P.C., 1109 W. Nolana, Suite 204, McAllen,
       Texas 78504

       Please take notice that Defendants ACE American Insurance Company and Kent Commons

have filed in the United States District Court for the Southern District of Texas, ~~Houston~~ Brownsville Division,

Defendant's Joint Petition for Removal of the above-styled cause to said Court.  A copy of said

petition and this notice are being filed with the Clerk of the Cameron County District Court,

Cameron County, Texas.

                                        Respectfully submitted,


                                        By: _Beth M. Taylor_
OF COUNSEL:                                 Beth McCahill Taylor
                                            State Bar No. 13336787
TAYLOR & TAYLOR                             Federal I.D. No. 14601
                                            815 Walker, Suite 250
                                            Houston, Texas  77002
                                            (713) 615-6060  Telephone
                                            (713) 615-6070  Facsimile

                                        ATTORNEYS FOR DEFENDANT
                                        ACE AMERICAN INSURANCE COMPANY

By: _____

OF COUNSEL:

HAYS, McCONN, RICE
& PICKERING, P.C.

David Wilson
State Bar No. 00786402
1200 Smith Street, Suite 400
Houston, Texas 77002
(713) 752-8360 Telephone
(713) 655-9212 Facsimile

ATTORNEYS FOR DEFENDANT
KENT COMMONS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to:

Reynaldo Ortiz
Law Office of Reynaldo Ortiz, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

by certified mail, return receipt requested on this _16th_ day of April, 2002.

Beth McCahill Taylor

# CITATION ISSUED TO DEFENDANT ACE AMERICAN INSURANCE COMPANY

Citation for Personal Service — BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2002-03-000938-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ACE AMERICAN INSURANCE COMPANY
    BY SERVING REGISTERED AGENT
    ROBIN M. MOUNTAIN
    6600 CAMPUS CIRCLE DRIVE EAST
    SUITE 300
    IRVING, TEXAS 75063

RECEIVED

MAR 1 8 2002

ACE INCOMING LEGAL

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____ MARCH 05, 2002 _____ . A copy of same accompanies this citation.

The file number of said suit being No. 2002-03-000938-E.

The style of the case is:

MARCUS FORTHUBER AND LISA COFOID
VS.
ACE AMERICAN INSURANCE COMPANY AND KENT COMMONS

Said petition was filed in said court by _____ GINA KARAM MILLIN _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
1109 W. NOLANA, SUITE 204 MCALLEN, TEXAS  78504 _____ .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of MARCH , A.D. 2002.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By _____ Yolanda Zumbrano _____ , Deputy

# CITATION ISSUED TO DEFENDANT KENT COMMONS

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2002-03-000938-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. I
you or your attorney do not file a written answer with the clerk who issued th
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may l
taken against you.

TO: KENT COMMONS
    1246 WORTHINGTON HEIGHTS BLVD
    COLUMBUS, OHIO 43235

the        DEFENDANT        , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 357th Judicial District of Cameron County, Texas at the Courthouse of sai
county in Brownsville, Texas.. Said        PETITION        was filed on
 MARCH 05, 2002  . A copy of same accompanies this citation.

The file number of said suit being No. 2002-03-000938-E.

The style of the case is:

MARCUS FORTHUBER AND LISA COPOID
VS.
ACE AMERICAN INSURANCE COMPANY AND KENT COMMONS

Said petition was filed in said court by        GINA KARAM MILLIN
(Attorney for        PLAINTIFF        ), whose address is
1109 W. NOLANA, SUITE 204 MCALLEN, TEXAS  78504

    The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs

# DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ORIGINAL ANSWER

CAUSE NO. 2002-03-000938-E

| | | |
|---|---|---|
| MARCUS FORTHUBER AND | § | IN THE DISTRICT COURT |
| LISA COFOID | § | |
| | § | |
| v. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY AND KENT COMMONS | § | CAMERON COUNTY, TEXAS |

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ORIGINAL ANSWER**

Defendant ACE American Insurance Company files its Original Answer as follows:

(I)

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

(II)

Defendant specifically reserves the rights to assert any other defenses which might be applicable, as provided by the Texas Rules of Civil Procedure.

(III)

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and herein tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By: _____

     Beth M. Taylor
     State Bar No. 13336787
     Amber Dunten
     State Bar No. 24010004
     815 Walker Street, Suite 250
     Houston, Texas 77002
     (713) 615-6060 Telephone
     (713) 615-6070 Facsimile

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant ACE American Insurance Company's Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested on this 4th day of April, 2002.

Beth M. Taylor

# DEFENDANT KENT COMMONS' ORIGINAL ANSWER

## CAUSE NO. 2002-03-000938-E

| | | |
|---|---|---|
| **MARCUS FORTHUBER AND** | § | **IN THE DISTRICT COURT** |
| **LISA COFOID** | § | |
| | § | **357TH DISTRICT COURT** |
| **VS** | § | |
| | § | **CAMERON COUNTY, TEXAS** |
| **ACE AMERICAN INSURANCE** | § | |
| **COMPANY AND KENT COMMONS** | § | |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      COME NOW, **KENT COMMONS** , Defendant in the above-captioned and numbered cause, and for answer to Plaintiff's Original Petition on file herein, would respectfully show unto the Court as follows:

### I.

      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, this Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demands strict proof thereof, as required by the laws of this state of persons or entities who bring suit as the Plaintiff does in the instant case.

### II.

      This Defendant respectfully reserves the right at this time to amend this original answer to the Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate these claims, as is the right and privilege of said Defendant under the Rule of Civil Procedure and the laws of the State of Texas.

DVW.2240.114.J549843.1

## III.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant having fully answered herein, prays that they hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendant may be justly entitled.

Respectfully submitted,

**HAYS, McCONN, RICE & PICKERING**

By:_____

DAVID V. WILSON, II
Texas Bar No.0786402
400 Two Allen Center
1200 Smith Street
Houston, Texas  77002
(713) 654-1111
(713) 650-0027

**ATTORNEY FOR DEFENDANT,
KENT COMMONS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent, by certified mail, return receipt request, and/or by regular U.S. mail, and/or by messenger, and/or by facsimile transmission on the day April 15, 2002 of the following counsel of record:

DVW.2240.114./549843.1

cc:    Reynaldo Ortiz
       Law Office of Reynaldo Ortiz, P.C.
       1109 W. Nolana, Suite 204
       McAllen, Texas 78504

       Beth Taylor
       Amber Dunton
       Attorney at Law
       Taylor & Taylor
       815 Walker, Suite 250
       Houston, Texas 77002

                                        _____
                                              DAVID V. WILSON, II